IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 AUG 31 P 4: 51

| | |
|---|---|
| **ELISHA JAMES** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | Civil Action No.: 2:06cv-768-ID |
| v. ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| **THERMASYS CORPORATION** ) | |
| ) | |
| **Defendant.** ) | |

## AMENDED COMPLAINT

**COMES NOW**, Plaintiff Elisha James, by and through undersigned counsel, and for want of prosecution say as follows:

### I.

### NATURE OF THE ACTION

1.  This is an action seeking redress from unlawful employment practices, specifically race discrimination and retaliation committed against the plaintiff by the defendant. Plaintiff seeks a declaratory judgment, pursuant to the provisions of Title 28 U.S.C. Sec. 2201, declaring the rights and relations of the parties as follows:

    (a)  That the actions of the defendant against the plaintiff, complained of herein, regarding the terms and conditions of his employment and the defendants' employment practices, were motivated by race discrimination and retaliation so as to contravene rights secured unto him pursuant to the laws of the United States as enforced by 42 U.S.C. §§ 1981, 1981(a) and Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq. That the actions of the defendant in: (i) removing the plaintiff from his

position as welder and replacing him with Billy Bowden, a white male was premised on race discrimination; (ii) removing the plaintiff from his cell leader position and replacing with Tyrone Johnson was retaliatory in nature for his having filed a charge of discrimination with the Equal Employment Opportunity Commission in violation of the plaintiff's rights as enforced by the Civil Rights Act of 1964, as amended; (iii) paying the plaintiff less than the compensation afforded white employees with less education, training and work experience was premised on race discrimination; (iv) subjecting the plaintiff to racial slurs and derogatory comments, such as "Nigger", "Sambo" and "Boy" created a racial hostile work environment.

(b) This action also seeks mandatory, preliminary and permanent injunctions requiring the defendant to refrain from engaging in race discrimination against African-Americans in its employment practices and that the defendant be enjoined from engaging in acts of retaliation, harassment and/or other tactics whose purpose or aim is to create a hostile work environment against the plaintiff, including, but not limited to, taking any punitive and disciplinary actions against the plaintiff. Further, the plaintiff seeks all rights to back pay, interest, allowances, seniority, and retirement benefits to which he would have been entitled had he not been victimized by the defendants' discriminatory conduct. Plaintiff also seek compensatory damages and equitable relief for the unlawful practices committed by the defendant against him, plus a reasonable award of attorney fee and costs, pursuant to Title 42 U.S.C. §§ 1981, 1981(a), and 1988.

## II.

## JURISDICTION AND VENUE

2.  Jurisdiction of this court is invoked pursuant to, and in accordance with, the

provisions of Title 28 U.S.C. §§1331 and 1343 (3), this being an action to redress deprivation of rights secured unto the plaintiff pursuant to the laws of the United States of America, as enforced by The Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1981(a), and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, Title 42 U.S.C. § 2000e, *et seq.*

3. Venue is appropriate pursuant to Title 28 U.S. C. § 1391(b).

## III.

## THE PARTIES

4. Plaintiff Elisha James is an African-American. He is over the age of nineteen (19) years, a citizen of the United States and of the State of Alabama, residing in Montgomery County, Alabama. At all times material hereto, the plaintiff is employed with Thermasys Corporation.

5. Defendant Thermasys Corporation is a corporate entity duly authorized to engage in business in the State of Alabama and at all times material hereto operated a business facility at 2760 Gunter Park Drive, West, Montgomery,, Alabama. All actions complained of herein occurred in Montgomery County, Alabama. At all times material hereto an employee-employer relationship existed between the plaintiff and the defendant.

## IV.

## EXHAUSTION OF ADMINISTRATIVE REMEDY

6. Plaintiff avers that he filed a charge of discrimination with the Birmingham District Office of the United States Equal Employment Opportunity Commission (EEOC), alleging that the defendant has deprived him of rights secured to him pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.. Plaintiff has received a statutory notice of right to sue letter and within 90 days of his receipt of the same, plaintiff

brought this action.

## V.

## ALLEGATIONS OF FACT

7. Plaintiff Elisha James is a member of protected class as he is an African-American, (historically, his racial make-up has been referred to as black or negro).

8. The plaintiff was hired by Defendant Thermasys Corporation on or about June 22, 2002. The plaintiff avers that he was initially hired as a welder. Plaintiff avers that because of race discrimination, he was removed from his job as a welder in the Welding Department to a mill worker, working in the Mill. After several weeks, the plaintiff was again moved to the Assembly Department. In 2005, after he filed a charge of discrimination, plaintiff avers that he was demoted to working on the welding booth. During all this, the plaintiff avers that he complained of racial slurs and discriminatory employment practices, to which he was threatened with termination or the option of finding a job elsewhere.

9. Plaintiff avers that he is a high school graduate with a two year welding degree or certification and over twelve years of welding experience prior to his being employed with Defendant Thermasys.

10. Plaintiff avers that he began complaining of adverse and discriminatory employment practices by the defendant sometime in 2003. Plaintiff avers that said employment practices are wage discrimination, race discrimination, retaliation and a racially hostile work environment. More specifically, plaintiff avers that at all times material hereto he is more qualified than his Caucasian or white counter parts yet he is paid less; he has been subjected to racial slurs and derogatory comments, among them "Nigger", "Boy" and "Sambo". Plaintiff avers that when he complained of the aforementioned to conduct to management he was told by

plant manager Jimmy Bright "if you cannot do what you are supposed to do and get along with these guys, you might as well find another job elsewhere."

11. Plaintiff avers that the work environment is so hostile and permeated with racially insensitive and derogatory comments and discriminatory practices such that he has had to seek psychiatric help and his physician had to resort to remove him from the environment while he undergo medical care and treatment.

## VI.

### FIRST FEDERAL CAUSE OF ACTION

*Employment Discrimination: Title VII, Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq..*

Plaintiff Elisha James adopts by reference, and incorporates in this cause of action, the allegations of paragraph one (1) through eleven (11) of this complaint, as if the same were full y set forth herein and further say:

12. That he has been discriminated against by the defendant and treated differently than white male employees because of his race in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. This treatment by the defendant has adversely affected the terms and conditions of the plaintiff's employment. Further, the plaintiff avers that the defendant has subjected him to retaliatory action because he has opposed the defendant's discriminatory employment practices.

13. Plaintiff avers that he has suffered embarrassment, humiliation, mental distress and emotional anguish as a consequence of the defendant's discriminatory and unlawful conduct.

14. Plaintiff avers that defendant's discriminatory conduct against him was reckless and willful, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil

Rights Act of 1991.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff demands damages, compensatory and punitive, back pay, and other back employment benefits, attorney fees, costs and any other relief to which plaintiff may show himself to be justly entitled as determined by this court.

## VII.

## SECOND FEDERAL CAUSE OF ACTION

*Violation of 42 U.S.C. § 1981 and § 1981(a)*

Plaintiff Elisha James adopts by reference, and incorporates in this cause of action, the allegations of paragraph one (1) through fourteen (14) of this complaint, as if the same were fully set forth herein and further say:

15. Defendant's unlawful discriminatory employment practices as complained of herein by the plaintiff has deprived the plaintiff of his right to make, modify, perform, enter, and enforce contracts to the full and equal benefits as that enjoyed by defendant's white employees, in violation of The Civil Rights Act of 1866, 42 U.S.C. § 1981 and § 1981(a).

16. Pursuant to 42 U.S.C. § 1981(b), the plaintiff may seek relief from this court where as here plaintiff avers that the defendant has engaged in intentional racial discrimination in ". . . the making, performance, modification and termination of [her employment] contracts" as well as ". . . the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

**WHEREFORE, PREMISES CONSIDERED**, plaintiff demands damages, compensatory and punitive, and any other relief to which plaintiff may show himself to be justly entitled as determined by this court, including but not limited to an award for his attorney fees,

costs and expenses in bringing this action.

## VIII.

### THIRD FEDERAL CAUSE OF ACTION

*Retaliation*

Plaintiff Elisha James adopts by reference, and incorporates in this cause of action, the allegations of paragraph one (1) through sixteen (16) of this complaint, as if the same were fully set forth herein and further say:

17. That the plaintiff avers that as a direct and proximate result of his having exercised his right under the laws of the United States in filing a charge of discrimination with the Equal Employment Opportunity Commission, the defendant embarked upon a course of action for no other purpose but to retaliate against him and subject him to harassment, intimidation and a hostile work environment. Among other retaliatory actions against the plaintiff, on or about March 8, 2006, he was demoted from his position as a "Cell Leader". The plaintiff avers that he has not engaged in any misconduct warranting disciplinary action. He has no adverse performance evaluation during the court of his employment, particularly prior to his complaining of employment discrimination.

18. The plaintiff avers that the effect of defendant's retaliation against him has been to deprive the plaintiff of his right to oppose unlawful discriminatory practices, all in violation of his rights as secured, protected and guaranteed by the laws and Constitution of the United States, as enforced by Title 42 U.S.C. §§ 1981 and § 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) (1976).

19. As a further consequence and effect of the defendant's unlawful discriminatory conduct and practices, the plaintiff avers that he has suffered damages, specifically loss income

and other employment benefits.

20. The plaintiff has suffered embarrassment, humiliation, mental anguish, mental distress, emotional pain and anguish, harassment and hostile work environment as a direct and proximate consequence of the defendants' discriminatory, retaliatory and unlawful conduct and actions.

21. Plaintiff avers that the defendant is due to be enjoined from its acts of retaliation, intimidation, harassment and its creation of a hostile work environment, including, but not limited to, the taking punitive disciplinary action against the plaintiff.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff demands damages and equitable relief, plus any other relief to which plaintiff may show himself to be justly entitled as determined by this court, including, but not limited to, an award for his attorney fees, costs and expenses in bringing this action.

## PRAYER FOR RELIEF

Plaintiff prays that this court will: (a) issue a declaratory judgment that the defendant's action, policies, practices and procedures complained of herein have violated the rights of the plaintiff as secured by the laws of the United States as enforced by Title 42 U.S.C. §§ 1981; (b) grant the plaintiff permanent injunction enjoining the defendant from continuing to violate the plaintiff's rights, including, but not limited to, subjecting the plaintiff to punitive disciplinary measures; (c) enter a order requiring the defendant to make the plaintiff whole by granting appropriate declaratory and injunctive relief, back pay, front pay plus interest, the reasonable value of all benefits lost, as well as compensatory damages; (d) award plaintiff him a reasonable attorney fees, costs and expenses; (e) award the plaintiff all other relief to which this court deems appropriate, equitable and just.

Respectfully submitted,

_____
Amardo Wesley Pitters, Esquire
Attorney for the Plaintiff
Alabama State Bar: 8998-T64A

OF COUNSEL:

*A. WESLEY PITTERS, P.C.*
1145 South Perry Street
Post Office Box 1973
Montgomery, Alabama 36102
Telephone: (334) 265-3333
Telecopier: (334) 265-3411
Email: awpitters@pitterslawfirm.com

**PLAINTIFF DEMANDS TRIAL BY JURY.**