IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ELISHA JAMES | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 2:06cv-768-ID |
| | ) | |
| THERMASYS CORPORATION | ) | |
| | ) | |
|     Defendant. | ) | |

**ANSWER TO AMENDED COMPLAINT**

**COMES NOW**, ThermaSys, Corporation (hereinafter "ThermaSys") and answers Plaintiff's Amended Complaint as follows:

**I. NATURE OF THE ACTION**

1 (a) (b).   ThermaSys admits only that Plaintiff seeks to evoke the various statutes enumerated in paragraph 1 of the Complaint, but denies all remaining allegations in that paragraph. In further answer to paragraph 1, ThermaSys states that Plaintiff has never been moved from his position as a welder, although he was temporarily reassigned to work as a tube mill operator on nightshift for legitimate, nondiscriminatory, non-pretextual reasons related to seasonal demand for ThermaSys' products. Plaintiff's temporary assignment on second shift lasted less than one (1) week. Plaintiff worked a total of 7.5 hours on 2nd shift and was absent for the remaining 2 days of his assignment. ThermaSys states further that (Cell Leaders) are hourly paid production workers, not supervisors and receive no extra pay or benefits. Plaintiff was replaced as Cell Leader because of chronic absenteeism. ThermaSys needed a Cell Leader who could be relied on to attend work and participate in production planning meetings. Plaintiff has

not been paid less than similarly situated Caucasian welders and has not been subjected to the slurs he alleges. All remaining allegations of paragraph 1 are denied.

## II. JURISDICTION AND VENUE

2. Defendant admits only that this Court has federal question subject matter jurisdiction. The remaining allegations of paragraph 2 of the Complaint are denied.

3. ThermaSys admits that venue is proper.

## III. THE PARTIES

4. The allegations contained in paragraph 4 are admitted.

5. ThermaSys admits the allegations of paragraph 5 with the exception of Plaintiff's reference to the actions he complains of. ThermaSys denies that the alleged actions Plaintiff complains of occurred.

6. ThermaSys admits only that Plaintiff filed a Charge of Discrimination with the EEOC, that the EEOC found no cause to support Plaintiff's allegations and that the EEOC issued a statutory notice of Plaintiff's right to sue. The remaining allegations of paragraph 6 of the Complaint are denied and ThermaSys specifically denies that Plaintiff has properly exhausted his administrative remedies by filing a timely charge or by the timely filing of this lawsuit.

## V. ALLEGATIONS OF FACT

7. ThermaSys admits only that Elisha James is an African American and a member of a protected class. The remaining allegations contained in paragraph 7 are denied.

8. ThermaSys admits that it hired Plaintiff on or about June 24, 2002 and that he was initially hired as a welder. The remaining allegations contained in paragraph 8 are denied.

9. ThermaSys is without sufficient information to determine the truthfulness of the allegations contained in paragraph 9 of the Complaint; therefore, they are denied pending verification in discovery.

10. The allegations in paragraph 10 are denied. In further answer to paragraph 10, ThermaSys acknowledges that Plaintiff did complain about wage discrimination, but not on the basis of race. One of the comparators identified by Plaintiff as being paid more than he, is African American. All remaining allegations contained in paragraph 10 of the Complaint are denied.

11. The allegations contained in paragraph 11 are denied.

All allegations in paragraphs 1-11 of the Complaint are denied except as specifically admitted above.

## VI. FIRST FEDERAL CAUSE OF ACTION

*Employment Discrimination: Title VII, Civil Rights Act of 1964 as Amended, 42 U.S.C. §2000, et seq.*

12. The allegations contained in paragraph 12 are denied.

13. The allegations contained in paragraph 13 are denied.

14. The allegations contained in paragraph 14 are denied.

All allegations contained in paragraphs 1-14 of the Complaint including the *ad damnum* clause in Plaintiff's First Federal Cause of Action are denied except as specifically admitted above.

## VII. SECOND FEDERAL CAUSE OF ACTION

*Violation of 42 U.S.C. §1981 and §1981(a)*

15. The allegations contained in paragraph 15 are denied.

16. The allegations contained in paragraph 16 are denied.

All allegations contained in paragraphs 1-16 of the Complaint, including the *ad damnum* in Plaintiff's Second Federal Cause of Action are denied, except as specifically admitted hereinabove.

### VIII.  THIRD FEDERAL CAUSE OF ACTION

*Retaliation*

17.  ThermaSys admits only that Plaintiff filed a Charge of Discrimination with the EEOC.  The remaining allegations of paragraph 17 of the Complaint are denied.  In further answer to paragraph 17, ThermaSys states that Plaintiff had to be replaced as Cell Leader for legitimate business reasons relating to his chronic absenteeism.

18.  The allegations contained in paragraph 18 of the Complaint are denied.

19.  The allegations contained in paragraph 19 of the Complaint are denied.

20.  The allegations contained in paragraph 20 of the Complaint are denied.

21.  The allegations contained in paragraph 21 of the Complaint are denied.

All allegations contained in paragraphs 1-21 of the Complaint are denied with the exception of those specifically admitted above.

ThermaSys denies that it has wronged Plaintiff in any way and denies that he is entitled to any of the relief he requests in his Prayer for Relief.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The statute of limitations bars some or all of Plaintiff's claims against ThermaSys.

### SECOND DEFENSE

The claims in this complaint may not be brought pursuant to 42 U.S.C. § 2000e unless and until Plaintiff establishes timely and proper satisfaction of the administrative prerequisites to

the institution and maintenance of an action under such statutes as to Defendant. To the extent that Plaintiff raises claims not made the subject of the EEOC charge he relies upon in the Complaint, or alternatively, not made the subject of a timely signed, verified EEOC charge naming Defendant as a respondent, or raises claims that arose more than 180 days before the filing of a EEOC charge, those claims are barred by the failure to satisfy the statutory prerequisites to suit. Any and all claims not raised in a lawsuit timely-filed within ninety days of Plaintiff's receipt of a Notice of Rights letter from the EEOC may not be litigated in this action.

### THIRD DEFENSE

Some or all of Plaintiff's claims fail to state claims for which relief can be granted.

### FOURTH DEFENSE

There are no similarly situated employees of a different race who have been treated differently than has Plaintiff with respect to pay or otherwise.

### FIFTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### SIXTH DEFENSE

All employment decisions made by ThermaSys respecting Plaintiff were made for legitimate, non-discriminatory, non-pretextual business reasons. ThermaSys denies that Plaintiff's race was a substantial contributing factor in any material decision regarding his employment.

### SEVENTH DEFENSE

Assuming *arguendo* that Plaintiff provides some evidence that he contends establishes that an adverse or retaliatory employment action taken against him was motivated in part by race ThermaSys claims the *Price Waterhouse/Mt. Healthy* defense because it would have treated

Plaintiff the same in all respects for other legitimate non-discriminatory, non-retaliatory, non-pretextual reasons. Some or all of the decisions and/or employment actions challenged as discriminatory in the Complaint would have been taken even if the Plaintiff had not been in a protected class of individuals. Where an employer in a "mixed motive" case proves that it would have made the same decision absent the alleged bias it has a complete defense from liability under Title VII. *See, e.g., Pennington v. City of Huntsville,* 261 F.3d 1262, 1269 (11th Cir. 2001).

### EIGHTH DEFENSE

Plaintiff is estopped and lacks clean hands to seek the equitable relief he requests due to violation of ThermaSys' employee conduct and work rules including, but not limited to, poor performance and excessive absenteeism.

### NINTH DEFENSE

ThermaSys states that it did not intentionally, willfully or maliciously violate any statute or law relied upon in the Complaint. To the extent that Plaintiff's claims against ThermaSys rest on conduct that was innocent or without malice or without reckless indifference to Plaintiff's rights, punitive damages are not recoverable.

### TENTH DEFENSE

The amount of damages that Plaintiff might recover from ThermaSys under Title VII is subject to the damage limitations in 42 U.S.C. § 1981(a)(B)(3).

### ELEVENTH DEFENSE

An award of punitive damages in this case is not appropriate.

### TWELFTH DEFENSE

To the extent that Plaintiff's claims are fraudulently brought, they are barred.

## THIRTEENTH DEFENSE

To the extent that Plaintiff's claims have been waived, they are barred.

## FOURTEENTH DEFENSE

To the extent that Plaintiff might have been guilty of conduct, as yet unknown to ThermaSys which conduct would have prevented Plaintiff's employment or caused discharge, he is barred from seeking some or all damages.

## FIFTEENTH DEFENSE

Plaintiff complains about decisions made by different decision-makers.

## SIXTEENTH DEFENSE

The doctrine of laches bars some or all of Plaintiff's claims.

## SEVENTEENTH DEFENSE

Defendant pleads judicial estoppel and lack of standing as to Plaintiff's claims.

## EIGHTEENTH DEFENSE

ThermaSys pleads the "same actor" defense.

## NINETEENTH DEFENSE

ThermaSys maintained an effective policy against race discrimination and Plaintiff unreasonably failed to avail himself of the protections afforded by such policy.

## TWENTIETH DEFENSE

Plaintiff is not entitled to recover any compensatory damages or punitive damages herein, and any allegations with respect thereto should be stricken, because Plaintiff has failed to plead facts sufficient to support such damages.

**TWENTY-FIRST DEFENSE**

With respect to all of Plaintiff's claims, Defendant pleads, in the alternative and without waiving any other defense, that the acts of ThermaSys were privileged under the law including, but not limited to, under the employment-at-will doctrine.

**TWENTY-SECOND DEFENSE**

ThermaSys reserves the right to assert other defenses as discovery proceeds.

        s/Henry C. Barnett, Jr.
        **HENRY C. BARNETT, JR. (BAR037)**

        *ATTORNEY FOR DEFENDANT*

**OF COUNSEL:**
**CAPELL & HOWARD, P. C.**
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, AL 36102-3069
(334) 241-8000
(334) 323-8888

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing document on the following parties or attorney via CM/ECF, on this the 27th day of September, 2006:

    Amardo Wesley Pitters
    A. WESLEY PITTERS, P.C.
    1145 South Perry Street
    P.O. Box 1973
    Montgomery, Alabama 36102-1973
    awpitters@pitterslawfirm.com

        Henry C. Barnett, Jr.
        **OF COUNSEL**